```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                    Case No. 8:12-cr-434-T-33AEP

EUGENE E. DAVIS
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Eugene Davis' Motion in Limine (Doc. # 25) filed on February 18, 2013. The Government filed a response in opposition to the motion on March 7, 2013. (Doc. # 33). For the reasons that follow, the Court denies the Motion in Limine.

## I. Background

On October 18, 2012, the Grand Jury charged Davis with conspiring to possess with the intent to distribute "five kilograms or more of a mixture and substance containing a detectable amount of cocaine" (Count One) and conspiring to possess with the intent to distribute "280 grams or more of a mixture and substance containing a detectable amount of cocaine base" (Count Two). (Doc. # 1 at 1, 2).

Davis filed a motion on February 18, 2013, moving for an order in limine precluding:

> (1) introduction of a videotape of the Defendant in his house counting what appears to be U.S. currency; (2) a videotape of a block part [sic] attended by various individuals including the Defendant; and (3) a tape recorded conversation from the Pinellas County jail wherein the Defendant makes a "shout-out" or announcement as to the identity of potential co-operating Government witnesses.

(Doc. # 25 at 1). The Government filed its response in opposition to the motion on March 7, 2013. (Doc. # 33).

## II. Discussion

Davis' Motion in Limine seeking the preclusion of the videotapes' contents and the recorded "shout-out" conversation rests on Rule 404 of the Federal Rules of Evidence, especially Rule 404(b). Rule 404 provides:

> **(a) Character Evidence. (1) Prohibited Uses.** Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
>
> \* \* \*
>
> **(b) Crimes, Wrongs, or Other Acts. (1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . . .

Fed. R. Evid. 404

2

Rule 404(b) applies only to extrinsic evidence, and "evidence of criminal activity other than the charged offense . . . falls outside the scope of the Rule," and is not excluded "when it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) (citing United States v. Baker, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005) (internal citations and quotations omitted)).

If evidence is extrinsic and Rule 404(b) does apply, the Eleventh Circuit has articulated a three-part test district courts must employ when deciding whether evidence of other acts is admissible in a criminal case:

> (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the requirements of Rule 403.

United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998).

Even so, Rule 404(b) is a rule of inclusion. United States v. Perez-Tosta, 36 F.3d 1552, 1562 (11th Cir. 1994) (noting that "[t]he second sentence of rule 404(b) is a rule of inclusion, and 404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case"). "If the prior act evidence is relevant to an issue other than the defendant's character, it may be admissible provided that the government . . . has sufficient proof that the defendant committed the prior act, and . . . can show that the probative value of the evidence is not substantially outweighed by its undue prejudice . . . ." United States v. Baker, 432 F.3d 1189, 1204-05 (11th Cir. 2005).

Here, Davis claims that it "appears that the Government may seek to introduce the videotapes at issue to show that the Defendant was somehow involved in other nefarious activity." (Doc. # 25 at 2). Davis states that the evidence is "presumably sought to be introduced as having a bearing upon the Defendant's honesty or character for lawful conduct and that he would therefore be more likely to have committed the crimes with which he is charged." (Id.). Evidence of past acts used in such a way would fall squarely within Rule 404(b) and, therefore, be

4

inadmissible. However, even without determining if the videotapes and recording are extrinsic evidence of past acts that can be used to prove character, all of the evidence in question still falls into the permitted use exception of 404(b)(2) and is allowed pursuant to the three-prong test articulated in Zapata.

The fact that the evidence in question was captured via video and audio recording leaves little question that Davis committed the acts in question. Accordingly, the second prong of the test is satisfied for all three pieces of evidence.

Regarding the video evidence of the block party, the Court has been given no reason to find that the probative value of the evidence does not substantially outweigh its prejudicial effect, as required by Federal Rule of Evidence 403 and the third prong of the Zapata test. Furthermore, the Government claims that it is probative to show that Davis "is acquainted with some of the co-conspirators." (Doc. # 33 at 6). As such, since evidence is admissible to prove questions such as intent to conspire, knowledge, and absence of mistake pursuant to Rule 404(b)(2), the first prong of the test is met as well. The video recording of the block party is not precluded.

The evidence of Davis' "shout-out" telephone call is similar to evidence of the block party. To the extent that content of the telephone call demonstrates that Davis was aware of several potential government witnesses' personal details, that evidence is far more probative concerning questions such as knowledge, motive, and absence of mistake than it is prejudicial to Davis. As such, the evidence meets the remaining prongs of the 404(b) admissibility test.

Furthermore, the Government claims that the recorded call is inextricably intertwined with the crimes charged because "by admitting there is something to 'tell' on him for, the defendant is admitting his role in the conduct." (Doc. # 33 at 7). The Government also states that giving out names as an "intimidation tactic," goes to Davis' "own consciousness of guilt." (Id.). Without addressing what the defendant did or did not admit, the Court finds that the recording of the in-prison telephone call is inextricably intertwined with the crimes charged and, therefore, not precluded by Rule 404(b).

Additionally, video evidence of Davis counting large amounts of cash is outside the scope of Rule 404(b) because it, too, is inextricably intertwined with the crimes

6

charged. Evidence that Davis possessed such a vast amount of cash – especially cash the Government claims there is "no legitimate explanation for" – cannot be separated from the evidence of the charged offenses and, additionally, it tends to complete the narrative of the crimes charged. (Id. at 7). The video evidence speaks to the result of Davis' alleged involvement with illegal drugs. The evidence is probative, see United States v. Terzado-Madruga, 897 F.2d 1099, 1120 (11th Cir. 1990), and the probative value is not substantially outweighed by undue prejudice. Furthermore, even if the evidence were not inextricably intertwined with the crimes charged, it would still be permitted under Rule 404(b) for purposes such as demonstrating knowledge or motive. Accordingly, the evidence is admissible.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Eugene Davis' Motion in Limine (Doc. # 25) to exclude the videotape of Davis at the block party, the videotape of Davis counting cash, and the recorded "shout-out" telephone call is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of April, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel of Record