UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:12-cr-434-T-33AEP

EUGENE E. DAVIS
_____/

## ORDER

This cause is before the Court pursuant to Defendant Eugene Davis' Motion for Exculpatory and Impeachment Evidence (Doc. # 28) filed on February 18, 2013. The Government filed a response in opposition to the motion on March 7, 2013. (Doc. # 34). For the reasons that follow, the Court denies the Motion.

## I. Background

On October 18, 2012, the Grand Jury charged Davis with conspiring to possess with the intent to distribute "five kilograms or more of a mixture and substance containing a detectable amount of cocaine" (Count I) and conspiring to possess with the intent to distribute "280 grams or more of a mixture and substance containing a detectable amount of cocaine base" (Count II). (Doc. # 1 at 1, 2).

The Honorable Anthony E. Porcelli, United States Magistrate Judge, entered a Pretrial Discovery Order as to

this action on November 27, 2012. (Doc. # 14). Davis filed a motion on February 18, 2013, moving for an order "compelling the government to disclose information pertaining to informants used or developed during the course of this case." (Doc. # 28 at 1). Davis states that "The government's case rests entirely upon the testimony - primarily hearsay - from individuals who were caught drug trafficking, plead guilty, and have implicated the Defendant in an effort to have their own sentences reduced." (Id.).

Furthermore, Davis provides a list of ten names of individuals he believes may have "implicated" him. Davis then states:

> Defendant is entitled to information regarding the aforementioned persons in terms of their relationship with the government, the contents of any communications, their expected testimony, and the circumstances under which any testimony or information has or may be given. Defendant requests that the government disclose whether these individuals are paid informants, whether they have received any benefit, promise or expectation of benefit from the government, any impeachment material and any exculpatory material related to these persons.

(Id. at 2). The Government filed its response in opposition to the motion on March 7, 2013. (Doc. # 34).

## II.  **Discussion**

2

The holding in Brady v. Maryland, 373 U.S. 83, 87 (1963) requires disclosure of evidence that is both favorable to the accused and "material either to guilt or to punishment." See also United States v. Bagley, 473 U.S. 667, 674 (1985). The Brady Rule extends to evidence that may be used to impeach the government's witnesses, as well. Giglio v. United States, 405 U.S. 150, 153-55 (1972); Bagley, 473 U.S. at 676. "Such evidence is evidence favorable to an accused so that, if disclosed and used effectively, it may make the difference between conviction and acquittal." Bagley, 473 U.S. at 676.

Nonetheless, a defendant's right to the Brady Rule disclosure of evidence does not "create a broad, constitutionally required right of discovery." Id. at 675 n.7 ("An interpretation of Brady to create a broad, constitutionally required right of discovery would entirely alter the character and balance of our present systems of criminal justice.") (internal quotations and citations omitted). "Furthermore, a rule that the prosecutor commits error by any failure to disclose evidence favorable to the accused, no matter how insignificant, would impose an impossible burden on the prosecutor and would undermine the interest in the finality of judgments." Id. (internal

3

quotations and citations omitted). "A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files." Pa. v. Ritchie, 480 U.S. 39, 59 (1987).

Regarding witnesses who are cooperating with the Government in the hope that their own sentences might be reduced, the Eleventh Circuit has held that nondisclosure of evidence affecting a witness' credibility "falls within the general rule" that suppression of material evidence justifies a new trial irrespective of the good faith or bad faith of the prosecution. Giglio, 405 U.S. at 153. Furthermore, the word "promise" is not "a word of art that must be specifically employed" for the Brady Rule to apply. Brown v. Wainwright, 785 F.2d 1457, 1464-65 (11th Cir. 1986). Even so, "not everything said to a witness or to his lawyer must be disclosed. . . . Some promises, agreements, or understandings do not need to be disclosed, because they are too ambiguous, or too loose or are of too marginal a benefit to the witness to count." United States v. Curtis, 380 F.3d 1311, 1316 (11th Cir. 2004) (internal quotations and citations omitted).

The Court's Pretrial Discovery Order details the discovery responsibilities of both parties and acknowledges

Davis' <u>Brady</u> Rule right to disclosure of favorable evidence. (Doc. # 14 at 3). The Government claims that it has "fulfilled its obligation under the Discovery Order" (Doc. # 34 at 4), and Davis has provided the Court with no information proving that the Government has violated the Discovery Order in any way. The parties shall continue to comply with the terms of the Discovery Order and – as that Order states – the Government shall disclose to the defense exculpatory and impeachment information and material "at an appropriate time, but no later than five (5) days prior to trial." (Doc. # 14 at 3).

The Court agrees with the Government that "it seems the defendant is merely seeking a witness list before he is entitled to one." (Doc. # 34 at 3). Furthermore, the Government claims, "The defendant has already produced a list of potential witness[es] against him. Upon arriving at those names, the defendant recorded a statement outing these people as snitches and sent it out on social media. The government is concerned that any premature disclosure of potential witnesses will be used by the defendant to further intimidate those witnesses." (<u>Id.</u> at 3-4).

While the Government is in no way released from its obligations under <u>Brady</u> or the Court's Discovery Order, the

Court declines to order the Government to provide Davis with any Brady Rule information before the deadlines set forth in the Pretrial Discovery Order.

Furthermore, while "[t]he frequency of . . . interviews and the manner in which they are conducted" may "have an impact on the witness' testimony" (Doc. # 28 at 6), Davis has provided the Court with no case law to suggest that such information is impeachment or exculpatory evidence within the scope of Brady or its progeny. Accordingly, the Court declines to impose upon the Government the burden of disclosing this additional information.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Eugene Davis' Motion for Exculpatory and Impeachment Evidence (Doc. # 28) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of April, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record